IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Robert Lee Reddock, #270080, ) | Civil Action No.: 3:09-204-RBH |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Jon Ozmit, Director of S.C. Dept. of ) | |
| Corr.; Willie Eagleton, Warden, Evans ) | |
| Correctional Institution, ) | |
| ) | |
| Respondents. ) | |

This matter is before the Court upon Respondents' and Petitioner's Objections to the Report and Recommendation ("R&R") of United States Magistrate Judge Joseph R. McCrorey. In the R&R, the Magistrate Judge recommends that the Court grant summary judgment in favor of the Respondents and dismiss the Petition without an evidentiary hearing. The Respondents filed timely objections, asserting that the Magistrate Judge reached the correct result but erred in reaching the conclusion that the Petition was timely filed under the one-year statute of limitations created by the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"). Subsequently, the Petitioner filed objections[1] challenging the Magistrate Judge's recommendations concerning his ineffective

---

[1] There is a question as to whether Petitioner's objections were timely filed. The clerk's docket entry indicates that any objections to the R&R were due on December 17, 2009. The Petitioner mailed a Request for Extension postmarked December 23, 2009. Because the Court had no record indicating when the Petitioner delivered his Request for Extension to prison officials, the Court granted the Request, but only extended the deadline to January 14, 2010. Subsequently, the Petitioner mailed objections, but they were not postmarked until January 19, 2010, five days after the deadline. This Court, again, has no record indicating when the Petitioner delivered his objections to prison officials. Although the Petitioner allegedly signed his objections on January 14, 2010, it appears that they were untimely, as they were not even postmarked until five days later.

assistance of counsel claim and the fact that his other claims are procedurally barred. This matter is ripe for review.

## **Procedural History and Factual Background**

The case was initiated on January 27, 2009. An amended petition was filed on February 19, 2009. In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (D.S.C.), this matter was referred to United States Magistrate Judge Joseph R. McCrorey for pretrial handling. On June 19, 2009, the Respondents filed a Motion for Summary Judgement and a Return and Memorandum of Law in Support of Motion for Summary Judgment. Subsequently, the Petitioner filed a Response in Opposition. The Magistrate Judge issued an R&R on November 30, 2009, in which he recommends that the Court grant summary judgment in favor of the Respondents and dismiss the Petition without an evidentiary hearing. On December 17, 2009, the Respondents filed timely objections to the R&R, challenging the Magistrate Judge's recommendation concerning the statute of limitations. On or about January 14, 2010, the Petitioner filed objections.

The facts in this case are set forth clearly in the R&R of the Magistrate Judge and do not need to be restated here. The Court hereby incorporates by reference pages two through four of the R&R. Report and Recommendation, pp. 2-4 [Docket Entry #32]. Specifically, the Petitioner's state court conviction was finalized by the conclusion of direct review on September 27, 2004, the date on which the South Carolina Court of Appeals issued the Remittitur. The Petitioner did not seek further review by the South Carolina Supreme Court, and the Respondents argued in their Return that, as a result, the Petitioner was not entitled to tolling of the ninety (90) days for seeking certiorari from the United States Supreme Court and the Petition was untimely. The Magistrate Judge rejected this argument, concluding that it was arguable a litigant could seek United States

Supreme Court review of a decision of the South Carolina Court of Appeals without first seeking discretionary review from the South Carolina Supreme Court.

## Standard of Review

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The Court is charged with making a *de novo* determination of those portions of the R&R to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the Court need not conduct a *de novo* review when a party makes only general and conclusory objections that do not direct the Court to a specific error in the Magistrate Judge's proposed findings and recommendations. *Orpiano v. Johnson,* 687 F.2d 44, 47-48 (4th Cir. 1982). In the absence of a timely filed specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.,* 416 F.3d 310, 315 (4th Cir. 2005).

## Discussion

The Petitioner's objections appear to be untimely; nonetheless, in an abundance of caution, this Court has reviewed the Petitioner's objections on the merits. The Petitioner makes many general and conclusory objections that do not direct the Court to a specific error in the Magistrate Judge's proposed findings and recommendations. In addition, the Petitioner repeats his ineffective assistance of counsel claim that his attorney failed to properly investigate the case and challenges the finding that his other claims (Grounds One through Three) are procedurally barred. After

having thoroughly reviewed the R&R, the Petitioner's objections, the record in this case, and the applicable law, the Court adopts the recommendations of the Magistrate Judge to the extent that the Petitioner has not shown that the state court's determination that his attorney was not ineffective was contrary to, or an unreasonable application of, *Strickland,* and his remaining claims are procedurally barred.

Respondents argue that the entire Petition is subject to dismissal because the Petitioner failed to file his application for a writ of habeas corpus in federal court within one (1) year following the expiration of his time to seek direct review. *See* 28 U.S.C. § 2244(d)(1)(A) (2009). The one-year limitations period runs from the latest of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* In cases where a habeas petitioner files a direct appeal, direct review often includes the time for seeking certiorari from the United States Supreme Court, which is ninety (90) days from the decision or judgment of "the state court of last resort." Sup. Ct. R. 13.1; *see Harris v. Hutchinson,* 209 F.3d 325, 328 n.1 (4th Cir. 2000). Accordingly, the federal one-year limitations period would not begin running until the expiration of this 90-day time period. However, if the United States Supreme Court lacks jurisdiction to review the direct appeal, then the one-year limitations period begins to run immediately following the conclusion of the petitioner's direct appeal. *Martino v. Cartledge,* No. 0:09-527-HMH-PJG, 2009 WL 4727554 (D.S.C. Dec. 2, 2009); *see Hammond v. Hagan,* No. 4:07-1081-JFA-TER, 2008 WL 2922860, at *3 (D.S.C. July 24, 2008) (Where the South Carolina Court of Appeals issues a remittitur and the petitioner does not seek certiorari in the South Carolina Supreme Court, "he is not entitled to an additional tolled time period of 90 days in which to seek certiorari review from the United States Supreme Court."). The running of

this limitations period is suspended during the time that a "properly filed application for State post-conviction or other collateral review . . . is pending. 28 U.S.C. § 2244(d)(2).

In the instant matter, the Petitioner appealed his conviction to the South Carolina Court of Appeals but did not timely petition the South Carolina Supreme Court. Thus, the central issue is whether the South Carolina Court of Appeals is a "state court of last resort," enabling the Petitioner to seek certiorari review by the United States Supreme Court and, therefore, whether the "expiration of time for seeking [direct] review" prescribed in 28 U.S.C. § 2244(d)(1)(A) includes the 90-day period for seeking United States Supreme Court certiorari review even though the Petitioner did not seek further review by the South Carolina Supreme Court.[2]

## I: State Court of Last Resort

United States Supreme Court review is limited to judgments of a "state court of last resort" or a lower state court if the "state court of last resort" has denied discretionary review. *See* Sup. Ct. R. 13.1; *see also* 28 U.S.C. § 1257(a) ("Final judgments . . . rendered by the highest court of a State in which a decision could be had, may be reviewed by the Supreme Court by writ of certiorari."). In South Carolina, the South Carolina Supreme Court is the "court of last resort." *See, e.g., Carson v. Southern Ry. Co.,* 46 S.E. 525, 529 (S.C. 1903); Hon. Jean Hoefer Toal et al., *Appellate Practice in South Carolina* 3 (2d ed. 2002) ("The state's highest court is the Supreme Court of South Carolina.").

In his R&R, the Magistrate Judge relied on the reasoning of *Goodman v. Cartledge,* No. 9:07-3519-MBS, 2008 WL 4458186 (D.S.C. Sept. 30, 2008) and *Gainey v. South Carolina,* No.

---

[2] If the Petitioner was not precluded from seeking certiorari review by the United States Supreme Court, direct review would include the 90-day period, this time period would be tolled, and the Petition would be timely. See Harris v. Hutchinson, 209 F.3d 325, 328 (4th Cir. 2000).

5

9:08-3900-PMD, 2009 WL 2644013 (D.S.C. Aug. 26, 2009), stating that "it is arguable that a decision of the South Carolina Court of Appeals may be appealed to the United States Supreme Court without first seeking review by the South Carolina Supreme Court." Report and Recommendation, p.8 [Docket Entry #32]. In *Gainey,* the district court relied on *In re Exhaustion of State Remedies in Criminal and Post-Conviction relief Cases*, in which the South Carolina Supreme Court held that "a litigant shall not be required to petition for rehearing and certiorari following an adverse decision of the Court of Appeals in order to be deemed to have exhausted all available state remedies." 471 S.E.2d 454, 454 (S.C. 1990). In *Gainey,* the district court also relied on *State v. McKennedy*, 559 S.E.2d 850 (S.C. 2002), in which the South Carolina Supreme Court held, based on Justice Souter's concurrence in *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999), that *In re Exhaustion* identified discretionary review by the state supreme court as outside the standard review process, and thus an application for such discretionary review was unnecessary to exhaust state remedies.

However, these cases do not appear to control the issue in this case. The Magistrate Judge's application of these cases implies that, at the time of the Petitioner's direct appeal, the South Carolina Supreme Court had delegated the authority to make "final" decisions in direct appeals involving criminal litigants to the South Carolina Court of Appeals. Such an interpretation would lead to the conclusion that the South Carolina Court of Appeals is "the highest court [in the] State in which a decision could be had," and as a result, a litigant could petition the United States Supreme Court directly from the South Carolina Court of Appeals without having to first seek certiorari from the South Carolina Supreme Court. While the cases cited above permit a petitioner to meet exhaustion requirements without seeking certiorari from the South Carolina Supreme Court, they do not (1) permit a petitioner to petition the United States Supreme Court

6

directly from the South Carolina Court of Appeals, (2) control certiorari review by the United States Supreme Court pursuant to Sup. Ct. R. 13.1 and 28 U.S.C. § 1257(a), or (3) control whether a habeas petition is timely under federal law.

There is a clear difference between the rules concerning exhaustion and those governing conclusion of direct review for limitations purposes. Section 2254(b)(1)(A)'s exhaustion requirement is entirely separate from the jurisdiction requirement of 28 U.S.C. § 1257(a). Pursuant to 28 U.S.C. § 1257(a), the United States Supreme Court has jurisdiction to review federal questions decided by "the highest court of a State in which a decision could be had." As a result, South Carolina Supreme Court decisions concerning the exhaustion of state remedies do not answer the question of whether the United States Supreme Court has jurisdiction to review a decision of an intermediate state court. In determining "the highest court of a State in which a decision could be had" for the purposes of United States Supreme Court review pursuant to § 1257(a), what matters is the South Carolina Supreme Court's authority and jurisdiction to review a case and not whether the petitioner chooses to seek such review. *See Gorman v. Wash. Univ.*, 316 U.S. 98, 101 (1942) (dismissing an appeal for lack of jurisdiction because the appellant did not seek review from the "last state tribunal . . . to which the cause could be brought for review"); *Stratton v. Stratton,* 239 U.S. 55, 56 (1915) (dismissing an appeal from a state intermediate court where the state supreme court retained discretionary authority to review the case, but the appellant did not seek such review).

While the judgment of a state intermediate appellate court may be considered to be that of the "highest court" under § 1257(a) if state law makes that judgment final and unreviewable,[3] if

---

[3] See Williams v. Florida, 399 U.S. 78, 80 n.5 (1970).

that judgment is subject to discretionary review by the state's actual highest court, such discretionary review must be sought before the litigant can petition for certiorari review by the United States Supreme Court. *See, e.g., California v. Trombetta*, 467 U.S. 479, 484 (1984). If the state's highest court declines discretionary review, then the decision of the intermediate court becomes the decision for which there is jurisdiction to review under 28 U.S.C. § 1257(a). *See, e.g., Clark v. Arizona,* 548 U.S. 735 (2006). "While *McKennedy* and *In re Exhaustion* make clear that a petitioner need not seek certiorari review from the South Carolina Supreme Court for purposes of exhausting state remedies, they do not preclude a petitioner from seeking such review from the state's highest court and then ultimately from the United States Supreme Court." *Martino*, 2009 WL 4727554, at *5; *cf. Frasch v. Peguese,* 414 F.3d 518 (4th Cir. 2005) (citing a Maryland statute that precludes a litigant from petitioning Maryland's highest court if the state's intermediate appellate court denies the litigant leave to appeal from a guilty plea). Accordingly, the holdings in these cases do not transform the South Carolina Court of Appeals into the "highest court of a State in which a decision could be had" for purposes of United States Supreme Court review pursuant to 28 U.S.C. § 1257(a).

It is important to note that in the recent case of *State v. Lyles,* 673 S.E.2d 811 (S.C. 2009), the South Carolina Supreme Court stated that it would no longer consider certiorari petitions where the South Carolina Court of Appeals dismissed the petitioner's direct appeal after *Anders* review. *Id.* at 812 ("We deny the petition and hold that, as a matter of policy, we will not entertain petitions for writs of certiorari to the Court of Appeals where the Court of Appeals has conducted an *Anders* review."). Given this new rule, it now appears that it would be possible to seek certiorari review from the United States Supreme Court directly from the state court of appeals' *Anders* dismissal because now under state procedure the South Carolina Court of Appeals is "the

8

highest court of a State in which a decision could be had" regarding cases that were dismissed pursuant to *Anders* review. However, *Lyles* had not been issued at the time of the instant petitioner's direct appeal.[4] As such, the Petitioner's direct appeal was governed by the established procedures in place before the South Carolina Supreme Court shifted its policy concerning petitions for writs of certiorari where the Court of Appeals has dismissed an appeal after conducting an *Anders* review. *See id.* at 813 ("The Court will *no longer* entertain petitions for writs of certiorari where the Court of Appeals has dismissed an appeal after conducting an *Anders* review.") (emphasis added). Thus, in the instant matter,[5] as clearly implied by *Lyles,* discretionary review by the South Carolina Supreme Court was still available and was a prerequisite to seeking certiorari review from the United States Supreme Court.[6]

---

[4]The South Carolina Supreme Court did not issue a decision in Lyles until February 19, 2009.

[5]An Anders brief was filed in this matter by the South Carolina Office of Appellate Defense. The appeal was subsequently dismissed by the South Carolina Court of Appeals on August 24, 2004. The Petitioner did not seek further review by the South Carolina Supreme Court. As such, the South Carolina Court of Appeals returned the Remittitur on September 27, 2004.

[6]As Judge Herlong noted in Martino, some courts in this district have suggested that, *prior to* Lyles, a petitioner may have been entitled to toll the 90 days to seek certiorari review from the United States Supreme Court even when the petitioner seeks review directly from the South Carolina Court of Appeals without petitioning the South Carolina Supreme Court. See Goodman v. Cartledge, No. 9:07-3519-MBS, 2008 WL 4458186 (D.S.C. Sept. 30, 2008); Gainey v. South Carolina, No. 9:08-3900-PMD, 2009 WL 2644013 (D.S.C. Aug. 26, 2009). These courts appear to have relied on Salters v. Greenville Hous. Auth., 469 U.S. 1225 (1985) (mem.) for the proposition that it is arguable that certiorari review of a South Carolina Court of Appeals decision may be obtained from the United States Supreme Court. However, as Judge Herlong points out, "the South Carolina Supreme Court's records show that in Salters, the petitioner did in fact seek certiorari from the South Carolina Supreme Court before filing her certiorari petition with the United States Supreme Court." Martino, 2009 WL 4727554, at *6 n.5. Thus, Salters does not support the suggestion that a petitioner may seek certiorari review by the United States Supreme Court of a South Carolina Court of Appeals' decision

At the time of the Petitioner's direct appeal, Rule 226 of the South Carolina Appellate Court Rules provided for the South Carolina Supreme Court's discretionary review of the South Carolina Court of Appeals' decision dismissing the direct appeal after *Anders* review. Because the Petitioner did not seek further review of the South Carolina Court of Appeals' decision on direct appeal and ultimately filed a federal petition for habeas corpus review, "his claims may be deemed to be exhausted, but the 90 days of additional tolling for United States Supreme Court review of his direct appeal simply does not apply," as certiorari review by the United States Supreme Court of a South Carolina Court of Appeals decision could not be directly obtained without first seeking certiorari review from the South Carolina Supreme Court prior to *Lyles*.[7] *See Martino*, 2009 WL 4727554, at *5 (citing 28 U.S.C. § 1257(a)).

## II:   Reddock's Petition is Untimely

The Petitioner's state court conviction was finalized by the conclusion of direct review on September 27, 2004, the date the South Carolina Court of Appeals issued the Remittitur. *See Wise v. S.C. Dep't of Corrections,* 642 S.E.2d 551, 551 (S.C. 2007). As such, the one-year limitations period began running on this date, and the Petitioner had until September 27, 2005 to file his

---

without first seeking certiorari review from the South Carolina Supreme Court.

[7]See also Butler v. Cain, 533 F.3d 314 (5th Cir. 2008) (while the time for filing certiorari with the United States Supreme Court is usually tolled, where the litigant stops the appellate process before that point, the conviction becomes final when the time for seeking review of intermediate appellate court by the state supreme court expires); Riddle v. Kemna, 523 F.3d 850 (8th Cir. 2008) (United States Supreme Court would not have had jurisdiction to consider a petition for certiorari where litigant did not seek discretionary review from Missouri Supreme Court; thus, limitation period began running from when the state court of appeals issued its mandate, concluding direct review).

federal habeas corpus action unless the period was at any time tolled. *See, e.g., Hernandez v. Caldwell,* 225 F.3d 435 (4th Cir. 2000); *Brown v. Angelone,* 150 F.3d 370 (4th Cir. 1998).

The Petitioner filed his second *pro se* Application for Post-Conviction Relief ("APCR") on October 29, 2004.[8] Thus, thirty-two (32) days of non-tolled time accrued between the conclusion of direct review and the filing of his APCR. The period of limitations was tolled during the pendency of the APCR until no later than February 8, 2008, when the South Carolina Supreme Court issued the Remittitur from its Order denying certiorari review on the APCR Order denying post-conviction relief. *See, e.g., Ott v. Johnson,* 192 F.3d 510 (5th Cir. 1999) (tolling does not include 90 days for United States Supreme Court certiorari petition from final denial by state's highest court of collateral action); *Harris v. Hutchinson,* 209 F.3d 325 (4th Cir. 2000) (running clock from when state appellate court denied leave to appeal denial of state post-conviction petition).

The Petitioner filed his Petition on January 27, 2009. As a result, approximately three hundred and fifty (350) days of non-tolled time accrued after the disposition of his APCR. When the pre-APCR non-tolled time of 32 days is added to the 350 days of post-APCR non-tolled time, there were at least three hundred and eighty-two (382) days of non-tolled time since the Petitioner's one-year limitations period began to run on September 27, 2004. Therefore, the instant Petition for writ of habeas corpus is clearly time-barred and should be dismissed.

---

[8]The Petitioner filed his first Application for Post-Conviction Relief on March 15, 2004. Since his direct appeal was then pending, the Honorable Alexander Macaulay issued an Order of Dismissal without Prejudice on June 3, 2004.

**Conclusion**

Here, the South Carolina Court of Appeals was not the "state court of last resort" because the Petitioner's direct appeal concluded prior to the *Lyles* decision, and therefore, the United States Supreme Court could not have directly reviewed the South Carolina Court of Appeals' dismissal of the Petitioner's direct appeal following *Anders* review. Accordingly, the Petitioner's "time for seeking [direct] review" under § 2244(d)(1)(A) did not include the 90-day time period in which a petitioner may file a petition for certiorari to the United States Supreme Court. The one-year statute of limitations on the Petitioner's habeas petition began running on September 27, 2004. Because his Petition was filed at least three hundred and eighty-two (382) days after that date (excluding the time that post-conviction relief proceedings were pending), the Petition was untimely and is therefore dismissed. Alternatively, the Petition is still subject to dismissal in its entirety pursuant to *Strickland* and procedural bar.

Having thoroughly reviewed the entire record, the Respondents' objections, and the applicable law, the Court finds that the Magistrate Judge otherwise fairly and accurately summarized the facts and applied the correct principles of law concerning the Petitioner's ineffective assistance of counsel claim and Grounds One through Three. While the untimeliness of the Petition alone warrants dismissal, the Petitioner has not shown that the state court's determination that his attorney was effective pursuant to *Strickland* was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1) & (d)(2). Further, the Petitioner's remaining claims are procedurally barred.

As such, the Court agrees with the recommendations of the Magistrate Judge, as modified in part, and finds that summary judgment is appropriate.

Based on the foregoing, it is

**ORDERED** that the Magistrate Judge's R&R is adopted as modified in part and incorporated herein by reference, and the Petitioner's Petition is dismissed without an evidentiary hearing.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED** because the Petitioner has failed to make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2006).

**IT IS SO ORDERED.**

s/ R. Bryan Harwell  
R. Bryan Harwell  
United States District Judge

Florence, South Carolina  
February 11, 2010